# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-4904 JFW (MRW) | Date | July 10, 2017 |
|---|---|---|---|
| Title | Hernandez v. Superior Court | | |

Present: The Honorable  Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff / Petitioner: | Attorneys Present for Defendant / Respondent: |
|---|---|
| None present | None present |

**Proceedings:** ORDER TO SHOW CAUSE RE: DISMISSAL

1. Plaintiffs filed an action naming the state superior court, individual judges, and businesses involved in a mortgage loan or an unlawful detainer case. The gist of their complaint – a rambling 70+ page document and exhibits – appears to center on their eviction and related bankruptcy cases.

2. Plaintiffs paid the filing fee associated with this action. (Docket # 1.) Nevertheless, a federal court "shall dismiss the case at any time" – regardless of whether the plaintiff paid any filing fee – "if the court determines that the action [ ] is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

3. On its face, Plaintiffs' pro se submission fails this basic test. The complaint is simply unintelligible. The circuitous use of legal jargon and glancing references to federal statutes and is insufficient to provide a cogent explanation of their grievances. In that way, the complaint fails to comply with the basic provision of Federal Rule of Civil Procedure 8 to provide a "short and plain statement" of Plaintiffs' entitlement to legal relief.

4. Moreover, to the extent that Plaintiffs seek to sue the state court or any judges, their action is barred by principles of immunity. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); Kenner v. United States, ___ F. App'x ___, 2017 WL 1435188 (9th Cir. April 24, 2017) (same). That immunity "extends to actions for declaratory, injunctive, and other equitable relief." Mullis v. Bankruptcy Court for the District of Nevada, 828 F.2d 1385, 1394 (9th Cir. 1987). An allegation that a judge committed "legal error" will "not deprive [a judge] of judicial immunity." Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-4904 JFW (MRW) | Date | July 10, 2017 |
|---|---|---|---|
| Title | Hernandez v. Superior Court | | |

5. The Court must dismiss the action <u>sua sponte</u> under Section 1915. However, in the interests of justice, the Court will give Plaintiff an opportunity to show cause why the matter should not be dismissed without leave to amend. Plaintiff may respond to this order with a submission (not to exceed <u>five pages</u>) that concisely explains why Plaintiff is legally entitled to pursue this action despite the patent defects with the complaint. Plaintiff's response to this OSC will be due by August 1.

**Failure to file a timely submission as directed above will result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**